## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

RICKY SMITH,
    Petitioner,

vs.

WARDEN, LEBANON
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:11-cv-240

Barrett, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Petitioner, an inmate in state custody at the Lebanon Correctional Institution in Lebanon, Ohio, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on petitioner's *pro se* motion for evidentiary hearing (Doc. 2), which was filed on April 20, 2011, before counsel entered an appearance to represent petitioner in this matter. (*See* Doc. 9).

In his motion, petitioner generally requests an evidentiary hearing on "his constitutional claims to resolve the disputed facts and his claim of actual innocence." (Doc. 2). As an initial matter, to the extent petitioner requests a hearing on constitutional issues that were adjudicated by the state courts, this Court is not permitted to consider evidence outside the state-court record in assessing, under the applicable the standard of review set forth in 28 U.S.C. § 2254(d), whether the state courts' rulings were contrary to or involved an unreasonable application of clearly-established Supreme Court precedents, or were based on an unreasonable determination of the facts. *See Cullen v. Pinholster,* 131 S.Ct. 1388, 1398 (2011); *see also Robinson v. Howes,* 663 F.3d 819, 823 (6th Cir. 2011); *Sheppard v. Bagley,* 657 F.3d 338, 343-44 (6th Cir. 2011); *Keeling v. Warden, Lebanon Corr. Inst.,* __ F. App'x __, No. 09-4284, slip op. at 21, 2012 WL __,

at *__ (6th Cir. Feb. 14, 2012). *Cf. Barton v. Warden, Southern Ohio Corr. Facility*, No. 1:09cv353, 2011 WL 2293225, at *4-5 (S.D. Ohio June 8, 2011) (Merz, M.J.) (vacating order granting an evidentiary hearing in a § 2254 habeas case in light of *Pinholster*).

Moreover, to the extent petitioner requests an evidentiary hearing on claims for relief that were not adjudicated on the merits and were not factually developed in the underlying state-court proceedings, he has not demonstrated that an evidentiary hearing is warranted in this case. In order to obtain an evidentiary hearing in such circumstances, petitioner must demonstrate that (1) "he attempted to develop the factual basis for his claims in state court with the requisite diligence;" or (2) he satisfied the standards set forth in 28 U.S.C. § 2254(e)(2) by showing that a new constitutional rule applies to his claims for relief or that the factual predicate of such claims was previously undiscoverable through the exercise of due diligence. *See Keeling, supra*, No. 09-4284, slip op. at *20-21 (citing *Pinholster*, 131 S.Ct. at 1398 & 1400 n.4; *Couch v. Booker*, 632 F.3d 241, 245 (6th Cir. 2011)); *see also Robinson*, 663 F.3d at 823-24. No such showing has been made in this case.

Accordingly, the undersigned **RECOMMENDS** that petitioner's motion for evidentiary hearing (Doc. 3) be **DENIED**.

**IT IS SO RECOMMENDED.**

Date: 2/15/12
cbc

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

RICKY SMITH,
    Petitioner

Case No. 1:11-cv-240

vs

Barrett, J.
Litkovitz, M.J.

WARDEN, LEBANON
CORRECTIONAL INSTITUTION,
    Respondent

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).