# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RICKY SMITH,

                                :

          Petitioner,                           Case No. 1:11-cv-240

                                :         District Judge Michael R. Barrett
     -vs-                                  Magistrate Judge Michael R. Merz

WARDEN, Lebanon Correctional
  Institution,

                                :

          Respondent.

---

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

---

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 20) to the Magistrate Judge's Report and Recommendations recommending that the Petition be dismissed with prejudice (the "Report," Doc. No. 19). The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

Petitioner pled the following Grounds for Relief:

**Ground One:** Insufficient Evidence.

**Ground Two:** Improper evidentiary rulings.

**Ground Three:** Prosecutorial Misconduct

**Ground Four**: Court refused to instruct on lesser included offenses but did indtruct [sic] on aiding and abetting/complicity.

**Ground Five:** Ineffective Assistance of Trial Counsel [for failure to present potentially exculpatory evidence].

-1-

(Petition, Doc. No. 1, PageID 5-16.)

Petitioner's Objections address only Ground Three, prosecutorial misconduct, and Ground Four, failure to instruct on a lesser included offense. This Supplemental Report considers only those Objections as any potential objections to the other recommendations are waived.

## Prosecutorial Misconduct

Petitioner raised the same claims of prosecutorial misconduct made here as his Third Assignment of Error on direct appeal. As to all of these claims except one, the court of appeals found that they had been procedurally defaulted by counsel's failure to object. *State v. Smith*, Nos. C-080712, C-090505, 2009 Ohio 6932, ¶¶ 24-28, 2009 Ohio App. LEXIS 5865 (Ohio App. 1ˢᵗ Dist. Dec. 31, 2009)(quoted in Report at PageID 1594-1595.) The Report concluded that this procedural default met the requirements of *Maupin v. Smith*, 785 F.2d 135, 138 (6ᵗʰ Cir. 1986), and that merits review in habeas was therefore barred (Doc. No. 19, PageID 1595-1596).

Petitioner now argues that this procedural default is excused by his trial counsel's ineffective assistance in failing to make a contemporaneous objection (Objections, Doc. No. 20, PageID 1603-1607). He made no such argument in his Reply and the Report therefore does not discuss this point.

Attorney error amounting to ineffective assistance of counsel can constitute cause to excuse a procedural default. *Murray v. Carrier,* 477 U.S. 478, 488 (1985); *Howard v. Bouchard,* 405 F.3d 459, 478 (6ᵗʰ Cir. 2005); *Lucas v. O'Dea*, 179 F.3d 412, 418 (6ᵗʰ Cir. 1999); *Gravley v. Mills,* 87 F.3d 779, 785 (6ᵗʰ Cir. 1996). However, *Murray v. Carrier* also holds that the exhaustion doctrine "generally requires that a claim of ineffective assistance of counsel be presented to the state courts

as an independent claim before it may be used to establish cause for a procedural default in federal habeas proceedings." 477 U.S. at 489; *see also Ewing v. McMackin*, 799 F.2d 1143, 1149-50 (6th Cir. 1986). The ineffective assistance claim cannot be presented as cause if it was procedurally defaulted in the state courts, unless one of the standard excuses for that procedural default exists, to wit, actual innocence or cause and prejudice. *Edwards v. Carpenter,* 529 U.S. 446 (2000).

Petitioner suggests this Court can consider ineffective assistance as excusing cause even though he did not plead such a claim as a ground for relief (Objections, Doc. No. 20, PageID 1606). Petitioner relies solely on *Hinkle v. Randle*, 271 F.3d 239 (6th Cir. 2001). In that case, however, the trial attorney's failure to object to prosecutorial conduct had been raised on direct appeal in the state court. *Id.* at 243. He then repeated that claim in his petition for writ. *Id.* The Sixth Circuit rejected both his merit and his ineffective assistance of trial counsel claims. There was no need for that court to consider the impact of *Edwards v. Carpenter, supra*, because Hinkle had not defaulted in presenting his ineffective assistance of trial counsel claim to the state courts.

Petitioner's assertion that his trial counsel provided ineffective assistance when he failed to make contemporaneous objection to the prosecutor's comments has never been presented to the Ohio courts. It cannot now be presented because it has itself been procedurally defaulted. Under Ohio law claims of ineffective assistance of trial counsel which can be shown from the face of the record, as all of these claims could be, must be raised on direct appeal. When they are not, their later presentation in a petition for post-conviction relief under Ohio Revised Code § 2953.21 is barred by the Ohio criminal doctrine of *res judicata*. *State v. Perry,* 10 Ohio St. 2d 175, 226 N.E. 2d 104 (1967). That rule is an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F. 3d 337 (6th Cir. 2001); *Coleman v. Mitchell*,

268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994); *Van Hook v. Anderson*, 127 F. Supp. 2d 899 (S.D. Ohio 2001). The Ohio courts have consistently enforced the rule. *State v. Cole*, 2 Ohio St. 3d 112, 443 N.E. 2d 169 (1982); *State v. Ishmail*, 67 Ohio St. 2d 16, 423 N.E. 2d 1068 (1981). There is every reason to believe they would do so in this case if confronted with an ineffective assistance of trial counsel now made in a 2953.21 petition.

Based on this analysis, all claims of prosecutorial misconduct except one are barred by lack of contemporaneous objection, as the court of appeals held.

The one prosecutor comment which was preserved by objection – a comment made in closing argument – received an immediate curative instruction from the trial judge. The court of appeals held that, given the curative instruction, he could not show he was materially prejudiced by the objected-to remark. *State v. Smith, supra,* ¶ 27. The Report concluded this was not an objectively unreasonable application of clearly established Supreme Court precedent (Doc. No. 19 at PageID 1596).

On habeas corpus review, the standard to be applied to claims of prosecutorial misconduct is whether the conduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process," *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974); *Darden v. Wainwright,* 477 U.S. 168 (1986); *Wogenstahl v. Mitchell*, 668 F.3d 307 (6th Cir. 2012), *citing Smith v. Mitchell*, 567 F.3d 246, 265 (6th Cir. 2009); *Bates v. Bell*, 402 F.3d 635, 640-41 (6th Cir. 2005); *Kincade v. Sparkman*, 175 F.3d 444 (6th Cir. 1999) or whether it was "so egregious as to render the entire trial fundamentally unfair." *Cook v. Bordenkircher*, 602 F.2d 117 (6th Cir. 1979); *accord Summitt v. Bordenkircher*, 608 F.2d 247 (6th Cir. 1979), *aff'd sub nom*, *Watkins v. Sowders*, 449 U.S.

-4-

341 (1981); *Stumbo v. Seabold*, 704 F.2d 910 (6ᵗʰ Cir. 1983).  The court must first decide whether the complained-of conduct was in fact improper. *Frazier v. Huffman*, 343 F.3d 780 (6ᵗʰ Cir. 2003), *citing United States v. Carter*, 236 F.3d 777, 783 (6ᵗʰ Cir. 2001).  A four-factor test is then applicable to any conduct the Court finds inappropriate: "(1) whether the conduct and remarks of the prosecutor tended to mislead the jury or prejudice the defendant; (2) whether the conduct or remarks were isolated or extensive; (3) whether the remarks were deliberately or accidentally made; and whether the evidence against the defendant was strong." *Id.*  The court must decide whether the prosecutor's statement likely had a bearing on the outcome of the trial in light of the strength of the competent proof of guilt. *Angel v. Overberg*, 682 F.2d 605, 608 (6ᵗʰ Cir. 1982).  The court must examine the fairness of the trial, not the culpability of the prosecutor. *Serra v. Michigan Department of Corrections,* 4 F.3d 1348, 1355 (6ᵗʰ Cir. 1993)(*quoting Smith v. Phillips*, 455 U.S. 209, 219 (1982).  In *Serra*, the Sixth Circuit identified factors to be weighed in considering prosecutorial misconduct:

> In every case, we consider the degree to which the remarks complained of have a tendency to mislead the jury and to prejudice the accused; whether they are isolated or extensive; whether they were deliberately or accidentally placed before the jury, and the strength of the competent proof to establish the guilt of the accused.

*Id.,* at 1355-56, *quoting Angel*, 682 F.2d at 608).  The misconduct must be so gross as probably to prejudice the defendant. *Prichett v. Pitcher*, 117 F.3d 959, 964 (6ᵗʰ Cir. 1997); *United States v. Ashworth,* 836 F.2d 260, 267 (6ᵗʰ Cir. 1988).  Claims of prosecutorial misconduct are reviewed deferentially on habeas review.  *Thompkins v. Berghuis,* 547 F.3d 572 (6ᵗʰ Cir. 2008), *citing Millender v. Adams*, 376 F.3d 520, 528 (6ᵗʰ Cir. 2004).

As noted in the Report, "[t]he prosecutor's comment that the defense presented no evidence was true and far broader than a comment directed specifically at Petitioner's failure to testify."

(Doc. No. 19, PageID 1596.)  The prosecutor's comment was improper but indirect. It was immediately corrected as to any possible prejudicial effect.  The Magistrate Judge again concludes that the court of appeals' opinion to this effect is not an objectively unreasonable application of Supreme Court holdings.

### Ground Four

In the Fourth Ground for Relief, Petitioner claims he was denied due process when the trial judge refused to instruct on the lesser included offenses of voluntary manslaughter and involuntary manslaughter, but did instruct on aiding and abetting.  The Report recommended dismissing the entire Fourth Ground.  Petitioner objects only as to the failure to instruct on involuntary manslaughter (Objections, Doc. No. 20, PageID 1613).

The court of appeals found the claim regarding lesser included offenses was defaulted by counsel's failure to request such an instruction and by his failure to object to the instructions as a whole after they were given. *State v. Smith, supra,* ¶¶ 29-30.  The Report concluded the court of appeals properly invoked the Ohio law regarding jury instructions and the claim was therefore procedurally defaulted (Report, Doc. No. 19, PageID 1598).

Petitioner objects that trial counsel was constitutionally ineffective for failing to request the instruction and failing to object to the instructions as a whole.  As with the ineffective assistance of counsel claim to excuse default on Ground Three, this claim of ineffective assistance of trial counsel has never been presented to the Ohio courts and indeed was not offered here until these Objections. Because Petitioner could not now present his ineffective assistance of trial counsel claim to any Ohio

-6-

court, he cannot rely on it here to excuse his procedural default in not requesting the involuntary manslaughter instruction.

## Conclusion

Because Petitioner has not raised persuasive objections to the Report, the Magistrate Judge again respectfully recommends the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify that an appeal would not be taken in objective good faith.

March 19, 2012.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

-7-